UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT LEE COOK,

        Plaintiff,                      Hon. Paul L. Maloney

v.                                        Case No. 1:23-CV-889

DAVID E. GILBERT, et al.,

        Defendants.

_____/

**REPORT AND RECOMMENDATION**

This matter is before the Court on Defendants' Motion to Dismiss (ECF No. 9), and Plaintiff's Motion for Summary Judgment (ECF No. 11). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendants' motion be granted, Plaintiff's motion be denied, and this matter terminated.

**BACKGROUND**

Plaintiff initiated this action against: (1) Calhoun County Prosecuting Attorney David E. Gilbert; (2) Calhoun County Sheriff Steven Hinckley; (3) Calhoun County Deputy Sheriff David Winder; (4) Calhoun County Deputy Sheriff Suleiman Sumbal; (5) Calhoun County Deputy Sheriff Tyler Paesens; and (6) 37th Circuit Court Judge, the Honorable John Hallacy. (ECF No. 1). In his complaint, Plaintiff alleges the following.

1

On May 10, 2023, four unnamed "agents" of the Calhoun County Sheriff's Department arrived on Plaintiff's "private land" to arrest Plaintiff for trespassing against Kellogg Community Credit Union. Plaintiff objected that he did not "consent" to his arrest. Plaintiff was appointed counsel and arraigned the following day. On May 12, 2023, Plaintiff was released from custody on bond.

On May 26, 2023, Plaintiff appeared before the Honorable Paul Beardslee for a preliminary hearing. Judge Beardslee recused himself, however, and the matter was assigned to the Honorable Michelle Richardson who conducted a preliminary examination on July 5, 2023, after which Plaintiff was bound over for trial. Plaintiff was subsequently ordered to appear before Judge John Hallacy on August 17, 2023, for a pre-trial hearing.

Plaintiff does not indicate if this hearing occurred as scheduled and, if so, what transpired. Instead, Plaintiff initiated the present action on August 18, 2023, alleging that Defendants violated his rights, therefore, rendering improper his pending criminal charges. Defendants now move to dismiss Plaintiff's complaint. Plaintiff has failed to respond to Defendants' motion but has instead filed his own motion for summary judgment in which he requests that the Court dismiss his pending state court charges. The Court finds that oral argument is unnecessary. *See* W.D. Mich. LCivR 7.2(d).

## ANALYSIS

A claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right for relief above the

2

speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007).  As the Supreme Court has held, to avoid dismissal, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).   This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  If the complaint simply pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"  *Id.*  As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . .Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.  Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . .Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not "show[n]" – "that the pleader is entitled to relief."

*Id.* at 678-79 (internal citations omitted).

      Plaintiff's complaint must be dismissed for at least two reasons.   First, Plaintiff has failed to allege any facts against any of the defendants that state a claim.   Plaintiff

3

makes no allegations against Defendants Gilbert, Hinkley, or Winder, instead merely naming them as defendants.  As for Defendants Sumbal and Paesens, Plaintiff merely alleges that a prosecutor intended to call them as witnesses at a preliminary examination.  Such hardly states a claim for relief.  Finally, with respect to Judge Hallacy, Plaintiff merely asserts that a pretrial hearing was scheduled before the judge for August 17, 2023.  Again, this hardly states a claim again for relief.

Furthermore, Plaintiff's action must be dismissed because Plaintiff has failed to establish that federal court interference in an ongoing state criminal prosecution is warranted.  As has long been recognized, federal courts should abstain from interfering in on-going state criminal matters "unless extraordinary circumstances are present." *Marjamaa v. Mitchell*, 2019 WL 5853486 at *1-2 (W.D. Mich., Nov. 8, 2019) (citing *Younger v. Harris*, 401 U.S. 37, 44-55 (1971)).  Plaintiff's allegations fall well short of establishing the sort of extraordinary circumstances which would justify interference by this Court in an on-going state criminal matter.  *Marjamaa*, 2019 WL 5853486 at *2.  Accordingly, the undersigned recommends that Defendants' motion to dismiss be granted.

The undersigned further recommends that Plaintiff's motion for summary judgment be denied.  In his motion, Plaintiff moves the Court to dismiss his ongoing state criminal prosecution.  As noted above, Plaintiff has failed to demonstrate that intervention by this Court in an ongoing state criminal prosecution is warranted.

## CONCLUSION

For the reasons discussed herein, the undersigned recommends that Defendants' Motion to Dismiss (ECF No. 9) be granted, Plaintiff's Motion for Summary Judgment (ECF No. 11) be denied, and this matter terminated. For the same reasons the undersigned makes this recommendation, the undersigned finds that an appeal of such would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the undersigned further recommends that an appeal of this matter by Plaintiff would not be in good faith.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: June 11, 2024        /s/ Phillip J. Green
                           PHILLIP J. GREEN
                           United States Magistrate Judge